UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:14-CV-P85-R

SAMUEL A. ESCOBAR                                                                   PLAINTIFF

v.

WARREN COUNTY SHERIFF'S DEPT. et al.                          DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Samuel A. Escobar, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff, who was incarcerated at the Warren County Regional Jail (WCRJ) at the pertinent time, names as Defendants the Warren County Sheriff's Department and the following WCRJ employees: Shawn Wittlesey, Sheriff Tim Macklin, and Misse Edmonds. Plaintiff alleges that Defendants failed to protect him from an inmate assault on March 27, 2012. He states that he still suffers from headaches and other effects from the assault. He asks for damages and any other relief deemed appropriate by the Court.

**II. ANALYSIS**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis

either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action[,] and [] a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183. Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

Here, it is clear from the face of the complaint that the assault occurred on March 27, 2012. However Plaintiff did not sign his complaint until June 5, 2014. Under the mailbox rule,

2

the document is deemed filed when presented to prison officials for mailing. *Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). Even assuming that Plaintiff presented his complaint to prison officials on the same date that he signed the complaint, his complaint was filed well over a year after the limitations period had run. Thus, the instant action is time-barred.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's claims as frivolous. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

Date:


cc:    Plaintiff, *pro se*
       Defendants
       Warren County Attorney
4413.009